**FORT PROPERTIES, INC., Plaintiff and Counter–Defendant,**

v.

**AMERICAN MASTER LEASE, LLC, Defendant and Counter–Plaintiff.**

Case No. SACV07–365 AG (JCx).

United States District Court, C.D. California.

Jan. 22, 2009.

Arianna Frankl, Seth H. Ostrow, Ostrow Kaufman Frankl LLP, Karine Louis, Dreier LLP, New York, NY, Brooke Hope Eisenhart, Dreier Stein Kahan Browne Woods George LLP, Dreier Stein Kahan, The Water Garden, Santa Monica, CA, Fay E. Morisseau, McDermott Will & Emery, Irvine, CA, Harris L. Cohen, Harris L. Cohen Law Offices, Encino, CA, for Plaintiff.

Benjamin S. Shively, Robert R. Waters, Waters Law Offices, Louisville, KY, Kenneth K. Howell, Kenneth K. Howell Law Offices, Los Angeles, CA, for Defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF INVALIDITY

ANDREW J. GUILFORD, District Judge.

Before the Court is a Motion for Summary Judgment of Invalidity ("Motion") filed by Plaintiff Fort Properties, Inc. ("Plaintiff"). After considering all papers and arguments submitted, the Court GRANTS Plaintiff's Motion.

### BACKGROUND

This case involves claims for patent infringement. Defendant American Master Lease, LLC ("Defendant") contends that Plaintiff has infringed U.S. Patent 6,292,-788B1 (the "'788 Patent"). The '788 Patent, owned by Defendant, discusses a business method for creating an investment instrument out of real property. One goal of the patent was to create a better way to invest in real property by providing "safety, a steady income stream, divisibility, ready liquidity, and no involvement in management of the property." (Mot. Ex. 1 19:56–58.) Another goal of the patent was to ensure that the invented investment instrument was eligible for tax-deferred treatment under Section 1031 of the Internal Revenue Code. (Mot. Ex. 1 19:3–7.) To accomplish these goals, the inventors created a "deedshare," which "represents both a tenant-in-common interest in real estate, and provides the divisibility and liquidity of a traditional security, such as a bond." (Mot. Ex. 1 19:9–12.) According to the Abstract:

> Holders of the deedshares receive a guaranteed income stream from [a] master lease and yearly depreciation, without having to maintain or manage the real estate. The holders of the deedshares are subject, under the master agreement, to a mechanism that enables the master tenant to purchase, or arrange for the purchase of the deedshares at fair market value (or some other calculable value) at the end of a specified term.

(Mot. Ex. 1 at 11.)

There are forty-one method claims in the '788 Patent. Claims 1, 11, 22, and 32 are independent, and the other thirty-seven claims are dependent. Claims 1, 22, and 32 recite a series of transactions involving acquiring real estate property, aggregating the property, selling the property to more than one entity such that ownership is by tenancy-in-common, and including in the ownership agreement governing the sale a provision that the property may be sold at a specific time. Claim 11 recites a method of performing a tax-deferred exchange of investment real estate and details the exchange of

ownership interests among various parties. Most of the dependent claims involve certain provisions to be included in ownership agreements. Claim 12 involves "identifying a combination of deedshares having different predetermined denominations that sum to the second value." (Mot. Ex. 1 14:4–6.)

Plaintiff is a real estate company specializing in the sponsorship of tenancy-in-common tax-deferred ownership offerings. Plaintiff filed this suit seeking a declaration that it is not infringing on the '788 Patent, and Defendant filed a counterclaim asserting that Plaintiff is, in fact, infringing on the patent. Now, in the pending Motion, Plaintiff seeks summary judgment that the '788 Patent is invalid based on a recent Federal Circuit decision.

## LEGAL STANDARDS

Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505. In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. If, and only if, the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *See id.* at 322–23, 106 S.Ct. 2548. If the non-moving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

■ Claims of an issued United States patent are presumed valid. 35 U.S.C. § 282. "A party seeking to establish that particular claims are invalid must overcome the presumption of validity in 35 U.S.C. § 282 by clear and convincing evidence." *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1067 (Fed.Cir.2003). "Although an exact definition is elusive, 'clear and convincing evidence' has been described as evidence that 'place[s] in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly probable.' " *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359 n. 5 (Fed.Cir.2007) (quoting *Colorado v. New Mexico*, 467 U.S. 310, 316, 104 S.Ct. 2433, 81 L.Ed.2d 247 (1984)). In conducting an invalidity analysis, each claim must be examined individually.

## DISCUSSION

Plaintiff argues that the '788 Patent is invalid because it fails to meet the patentability test set forth in *In re Bilski*, 545 F.3d 943 (Fed.Cir.2008). The Court agrees and makes its findings under the "clear and convincing" standard set forth in *State Contracting*, 346 F.3d at 1067.

## 1. APPLICABLE LAW

■ The patent statute provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions

and requirements of this title." 35 U.S.C. § 101. Whether a claim is patentable under Section 101 is a "threshold inquiry," and "any claim of an application failing the requirements of § 101 must be rejected even if it meets all of the other legal requirements of patentability." *Bilski*, 545 F.3d at 950.

Courts have used varying standards in determining whether a claimed 'process' is patentable under Section 101. In *Bilski*, decided on October 30, 2008, the Federal Circuit clarified the appropriate standard to apply in determining whether a 'process' is patentable under Section 101. The court determined that "the proper inquiry under § 101 is ... whether the claim meets the machine-or-transformation test." *Bilski*, 545 F.3d at 961. The court also reviewed and rejected other tests, such as the "useful, concrete and tangible result" test and the "technological arts" test, finding the tests "no longer valid" and holding that aspects of earlier decisions relying on those tests "should no longer be relied on." *Id.* at 960–61.

■■■ "The machine-or-transformation test is a two-branched inquiry; an applicant may show that a process claim satisfies § 101 either by showing that his claim is tied to a particular machine, or by showing that his claim transforms an article." *Bilski*, 545 F.3d at 961. The court explained that two considerations were important to analysis under the machine-or-transformation test. First, "the use of a specific machine or transformation of an article must impose meaningful limits on the claim's scope to impart patent-eligibility." *Id.* Second, "the involvement of the machine or transformation in the claimed process must not merely be insignificant extra-solution activity." *Id.* at 962.

## 2. THE '788 PATENT

■■■ Plaintiff argues that the U.S. Patent Office deemed the claims of the '788

Patent patentable in 2001 based on the "useful, concrete, and tangible result" test rejected by the 2008 *Bilski* decision. Plaintiff further argues that the '788 Patent fails the *Bilski* test because none of its claims are tied to a machine or apparatus and none transform any article or thing.

After a thorough review of the record, the Court is convinced that review of the '788 Patent is appropriate in this case. Defendant's application to the U.S. Patent Office was declined twice because the examiner found the claims were not "in the technological arts" and thus not patentable under Section 101. (Ex. 2:161, 2:221.) The patent examiner who rejected those applications then apparently left the U.S. Patent Office, and the application was assigned to another patent examiner, Vincent Millin ("Millin"), who ultimately allowed the claims in April 2001. While the Notice of Allowance did not address the Section 101 issues, Defendant's previous correspondence with Millin discussed the "useful, concrete and tangible results" of the claims. (Ex. 2:270.) In its correspondence with the Patent Office, Defendant also noted that in a March 2001 interview with Millin, Millin "explained his view that the claims as written met the statutory requirement of patentable subject matter under 35 U.S.C. § 101, and provided a useful, concrete, and tangible result." (Ex. 2:268.) The Court finds that Millin's decision to allow the claims relied in large part on the "useful, concrete, and tangible result" test rejected by *Bilski*. The Court thus examines the claims of the '788 Patent under the proper machine-or-transformation test.

### 2.1 MACHINE

The Court finds that the claims of the '788 Patent are not "tied to a particular machine or apparatus." *See Bilski*, 545 F.3d at 954. As Plaintiff points out, De-

fendant explicitly acknowledged during the patent application process that the recited methods "need not be performed by a computer." (Ex. 2:199.) In its opposition brief, Defendant acknowledges that "the 'machine' prong of the *Benson* test is not what gives rise to patentability in [the '788 Patent], but rather the 'transformation of an article.'" (Opp'n 7:7–8.) The Court thus turns to the "transformation" prong of the machine-or-transformation test.

## 2.2 TRANSFORMATION

The Court finds that none of the claims of the '788 Patent "transform any article to a different state or thing." *See Bilski*, 545 F.3d at 963.

The facts of *Bilski* are instructive. In that case, the Federal Circuit was confronted with a claim for a "method of hedging risk in the field of commodities trading." *Bilski*, 545 F.3d at 949. The court framed the question before it as whether "some so-called business methods, such as that claimed in the present case, [which] involve the manipulation of even more abstract constructs such as legal obligations, organizational relationships, and business risks" qualify as a "transformation or reduction of an article into a different state or thing constituting patent-eligible subject matter." *Id.* at 962. The court determined that those methods are not patentable, holding that "[p]urported transformations or manipulations simply of public or private legal obligations or relationships, business risks, or other such abstractions cannot meet the test because they are not physical objects or substances, and they are not representative of physical objects or substances." *Id.* at 963. Like the claims at issue in *Bilski*, the claims of the '788 Patent involve only the transformation or manipulation of legal obligations and relationships. Specifically, the claims of the '788 Patent only transform or manipulate legal ownership interests in real estate. Under *Bilski*, the Court cannot find that those claims transform an article or thing.

Defendant points out that three of the four independent claims (1, 22, and 32) require the "creation of deedshares," arguing that "[t]he creation of the deedshare certainly qualifies as the 'transformation and reduction of an article.'" (Opp'n 7:15–17.) "Certainly," Defendant argues, "there can be no greater transformation for an article than the very creation of the article itself." (Opp'n 8:17–18.) But the deedshares themselves are not physical objects or substances. *See Bilski*, 545 F.3d at 963. As Plaintiff explains, "what is allegedly created is nothing more than an arrangement of conceptual legal rights, which may or may not be in a printed document." (Reply 6:8–9.) Nor do the deedshares represent physical objects or substances. *See Bilski*, 545 F.3d at 963. Again, the deedshares represent only legal ownership interests in property. Those ownership rights are not physical objects. Creation of a deedshare does not constitute transformation of an article or thing under *Bilski*.

The Court finds that the '788 Patent does not satisfy the "transformation" prong of the machine-or-transformation test.

## 2.3 CONCLUSION

Because the claims of the '788 Patent are not tied to a particular machine and do not transform an article, they are invalid under the test set forth in *Bilski*. The '788 Patent is invalid. The Proposed Judgment submitted by Plaintiff shall be entered.

## *DISPOSITION*

Plaintiff's Motion is GRANTED.

IT IS SO ORDERED.

## JUDGMENT IN FAVOR OF FORT PROPERTIES, INC.

WHEREAS, Plaintiff Fort Properties, Inc. ("Fort Properties") filed a motion for summary judgment pursuant to Fed. R.Civ.P. 56 and L.R. 56–1 seeking a finding of invalidity of U.S. Patent No. 6,292,788 (the "'788 patent");

WHEREAS, the Court, having considered the motion and all papers submitted in connection therewith or in response thereto, and the evidence of record, granted Fort Properties' motion for summary judgment; and

WHEREAS, there are no further matters raised by the pleadings that require adjudication by the Court;

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that judgment is hereby entered in favor of Fort Properties, Inc. and against American Master Lease, LLC ("AML") on the Complaint, the Counterclaim and the Reply.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that each of the claims of the '788 patent is invalid under 35 U.S.C. § 101.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Fort Properties is the prevailing party as described in Local Rule 54–2.1 and Fort Properties shall file its Bill of Costs within fifteen (15) days after entry of this Judgment in accordance with the Local Rules.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Fort Properties may file a motion or application for attorneys' fees within fourteen (14) days after entry of this Judgment in accordance with Local Rule 54–12.